UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
                *Plaintiff-Appellee,*

v.                                                                No. 01-4123

RODNEY LANE JAMES,
                *Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Virginia, at Roanoke.
Samuel G. Wilson, Chief District Judge.
(CR-00-75)

Submitted: September 6, 2001

Decided: October 12, 2001

Before MICHAEL and TRAXLER, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

John T. Boitnott, Rocky Mount, Virginia, for Appellant. Ruth E. Plagenhoef, United States Attorney, Sharon Burnham, Assistant United States Attorney, Thomas E. Booth, UNITED STATES DEPART-MENT OF JUSTICE, Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Rodney Lane James appeals his conviction and sentence for one count of making false declarations before a grand jury under 18 U.S.C. § 1623 (West 2000). Finding no reversible error, we affirm.

James challenges the district court's denial of his motion to suppress the admission of his grand jury testimony allegedly obtained in violation of the Fifth Amendment. Rule 12(b)(3) of the Federal rules of Criminal Procedure requires that motions to suppress evidence be made before trial. *United States v. Wilson*, 115 F.3d 1185, 1190 (4th Cir. 1997). Failure to make a motion to suppress before trial constitutes waiver unless the trial court grants relief from the waiver under Rule 12(f) "for cause shown." Fed. R. Crim. P. 12(f).

Here, James failed to file a pretrial motion to suppress the evidence, as recognized by the district court. It is clear that sufficient information was available to defense counsel before trial that would have enabled him to frame a suppression motion concerning the alleged Fifth Amendment violation in James' grand jury testimony. Under the circumstances, defense counsel's failure to show cause for his failure to file a motion to suppress pretrial constitutes waiver of the issue. In any event, our review of the evidence persuades us that the admission of the allegedly tainted grand jury testimony did not influence the jury's verdict as to the sole count of the indictment for which he was convicted.

James also challenges the district court's denial of his motion for acquittal due to insufficiency of the evidence. In reviewing a sufficiency of the evidence claim on appeal, we must sustain the verdict if the record contains "substantial evidence, taking the view most favorable to the Government, to support it." *Glasser v. United States*, 315 U.S. 60, 80 (1942). Applying this standard, we give due regard

to the fact finder's prerogative to resolve questions of credibility. *United States v. Burgos*, 94 F.3d 849, 862-63 (4th Cir. 1996). We conclude the Government presented ample evidence permitting a reasonable trier of fact to find James guilty of perjury beyond a reasonable doubt.

We therefore affirm James' conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*